IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS C. TERRY, an individual, WORLD BE FREE, LLC, and BODYGYM d/b/a<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT S. HINDS, an individual, LIFELINE INTERNATIONAL, INC., and LIFELINE USA,<br><br>Defendants. | **ORDER GRANTING STIPULATED MOTION FOR PERMANENT INJUNCTION**<br><br>Case No. 2:12-cv-00166<br><br>Judge Robert J. Shelby |

Plaintiffs Douglas C. Terry and BodyGym, LLC, and Defendants Robert S. Hinds, Hinds Knockout, Inc. (F/K/A Lifeline International, Inc., f/d/b/a Lifeline USA) stipulated by motion to the court's entry of a preliminary injunction. (Dkt. 28.) The court entered the preliminary injunction on April 27, 2012. (Dkt. 29.)

On June 15, 2016, the parties participated in mediation before Magistrate Judge Evelyn J. Furse. As result of the mediation, the parties reached a settlement, the material terms of which are memorialized in a Settlement Term Sheet, attached to this Order as Exhibit D.

Pursuant to the Settlement Term Sheet, "The parties agree to conversion of the existing preliminary injunction to a permanent injunction with the addition of a provision applying the permanent injunction to 'all successors and assigns who have or have had notice of the preliminary injunction.'"

The parties have now filed a Stipulated Motion for Entry of Permanent Injunction. (Dkt.

154.) For good cause appearing, the court GRANTS the Motion and ORDERS:

    1.    Defendants, their officers, agents, servants, employees, and attorneys, all successors and assigns of Defendants who have or have had notice of the preliminary injunction, and all persons acting in concert with them and/or those acting under their direction or control that receive actual notice of this Order (or Order Granting Preliminary Injunction) by personal service or otherwise, to the fullest extent allowed by law, are enjoined from manufacturing, importing into the United States, using, marketing, offering for sale and/or selling or causing to be manufactured, imported into the United States, used, marketed, sold and/or offered for sale, the personal exercise bar distributed and sold by one or more Defendants under the product name Lifeline Cable Bar and the bar offered as the part of the Lifeline Portable Gym (collectively "Cable Bars"). Photographs of the enjoined Cable Bars are attached to this Order as Exhibits A and B, respectively.

    2.    All parties enjoined pursuant to the preceding paragraph may continue to sell personal exercise bars (or lifting bars) only if the bars comport with each the following restrictions separately:

- The bars must have ends that permit rigid handles to attach directly to the lifting bar.
- The bars cannot have ends that permit plugged cables to attach directly to the lifting bar.
- The bars cannot contain on their surface any appliques, decals or other forms of illustrations depicting exercises, exercise positions, instructions or similar information.
- The bars must not be black in color.

    3.    An example of an enjoined bar end that permits a plugged cable to attach directly to the lifting bar is attached as, but not limited to, Exhibit C attached to this Order.

    4.    This Order is not confidential and may be lawfully disclosed by any party.

5. In the event Plaintiffs seek involvement by the court to enforce the terms of this Order, the parties agree to stipulate to an expedited process, acceptable to the court, to enforce the terms and conditions of this Order.

SO ORDERED this 5th day of July, 2016.

BY THE COURT

_____
Robert J. Shelby
United States District Judge